UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>APPROXIMATELY 523,507 BARRELS OF STRAIGHT RUN FUEL OIL FORMERLY ABOARD THE CRUDE OIL TANKER ABYSS WITH INTERNATIONAL MARITIME NUMBER 9157765,<br><br>    Defendant. | Civil Action No. 23-2065 (JEB)<br><br>Under Seal |

## MEMORANDUM OPINION AND ORDER

The United States has moved to place under seal its Complaint, "as well as all other pleadings, records, and files" in this *in rem* action for civil forfeiture of straight-run fuel oil that it alleges was illegally obtained from Iran, a designated state sponsor of terrorism. See ECF No. 2 (Motion to Seal) at 1; ECF No. 1 (Complaint), ¶¶ 1–2, 15. The Government explains that pursuant to a seizure warrant, the "owners of the ship now carrying" the oil "have agreed to a Framework Agreement to assist the Government in transporting" it to the United States pending the Government's seizure and forfeiture actions. See Mot. at 2. The Government therefore represents that it will "seek to unseal this matter following the successful transit" of the oil "to its final destination in the United States." Id. at 3.

Because the Motion seeks to temporarily seal the Complaint and all documents associated with it, the Court will treat it as a request to temporarily seal the case. The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this

1

case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motions in any case not already assigned," including "motion[s] to seal the complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

I.      **Legal Standard**

Generally, a plaintiff filing a civil complaint must identify the parties and file on the public docket. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)). When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980). Those factors are:

> (1) the need for public access to the documents at issue;
> (2) the extent of previous public access to the documents;
> (3) the fact that someone has objected to disclosure, and the identity of that person;
> (4) the strength of any property and privacy interests asserted;
> (5) the possibility of prejudice to those opposing disclosure; and
> (6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22)).

Although granting the Government's request will necessarily also conceal the identities of the parties in this action, its anticipated unsealing will soon reveal them. See Mot. at 3. At this stage, the Court therefore need not address the distinct five-factor test that would apply if it treated the Motion "akin to a request to proceed under a pseudonym." Doe v. Lieberman, No. 20-2148, 2020 WL 13260569, at *2 (D.D.C. Aug. 5, 2020) (citing James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993)).

**II.     Analysis**

At this early juncture, the Government has met its burden to overcome the presumption in favor of public access to court records.  The Court will address each Hubbard factor in turn.

The first, "the need for public access to the documents at issue," see Hubbard, 650 F.2d at 317 (formatting altered), weighs in favor of disclosure.  This civil-forfeiture action is not the sort of traditional criminal proceeding to which courts have recognized a heightened public interest attaches, see id., but it is intertwined with an ongoing criminal investigation.  See Mot. at 3.  It therefore implicates — albeit indirectly — a generalized public interest in the operation of our criminal-justice system.  That public need for access is mitigated, however, by the Government's representation that it will seek an unsealing order at a discrete point in the near future: as soon as the ship is docked on American shores.  See id.; cf. Amato ex rel. United States v. Branch Banking & Tr. Co., No. 16-599, 2018 U.S. Dist. LEXIS 101880, at *5 (D.D.C. May 8, 2018) (declining to acknowledge mitigation to public interest where party seeking sealing "failed to specify the exact duration of a temporary seal").

The second factor is "neutral," as "the public did not have prior access to the pleadings because the Complaint was filed under seal."  United States ex rel. Grover v. Related Cos., LP, 4 F. Supp. 3d 21, 26 (D.D.C. 2013) (citing United States ex rel. Durham v. Prospect Waterproofing, Inc., 818 F. Supp. 2d 64, 68 (D.D.C. 2011)).  Nor is the Court aware of significant public reporting about the facts underlying this case.  "There is thus no previous access to weigh in favor" of disclosure.  Hubbard, 650 F.2d at 318–19.

The tide begins to turn at the third factor, which weighs in favor of granting the Motion.  "[T]he fact that a party moves to seal the record weighs in favor of the party's motion."  Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010).  As is customary at this stage, no

objection to the Motion has been lodged, and the judge to whom this case is randomly assigned remains free to revisit this sealing decision.

The fourth and fifth Hubbard factors further tip the scale in the Government's favor. As to the fourth, revealing the Complaint's detailed description of the target cargo would present "significant security risks to involved parties, the Government, and physical risks to the vessel and its crew members." Mot. at 2; see Compl., ¶¶ 63–65 (revealing vessel's movement). The Government has therefore asserted a privacy interest that implicates potentially grave threats to a sensitive, ongoing maritime operation and the individuals engaged in it. See Hubbard, 650 F.2d at 323 (considering privacy interests of "innocent third-parties") (internal quotation marks omitted). The fifth factor, which concerns prejudice to the party opposing disclosure, lends further support to the Motion. Id. at 320–21. The Government argues that disclosure of its filings in this case "could compromise the ongoing criminal investigation and cause a risk of [] spoliation of evidence." Mot. at 3. Although the Government does not support such claims with citations to the Complaint or with an affidavit, the Court acknowledges that premature disclosure may inspire mid-sea spoliation — and a deeper dive than Government agents have planned for.

The sixth and final factor, "the purposes for which the documents were introduced," Hubbard, 650 F.2d at 321 (formatting altered), cuts the other way. The Government has "voluntarily commenced a public proceeding . . . and invoked the jurisdiction of this Court to do so," and thus its civil Complaint was introduced for a public purpose worthy of disclosure. Upshaw v. United States, 754 F. Supp. 2d 24, 30 (D.D.C. 2010). The Government has declined, furthermore, to seek a limited redaction and has instead opted for the more "drastic remedy of sealing portions of the record" in their entirety. Zapp, 746 F. Supp. 2d at 151.

4

At the end of the day, although the first and sixth factors weigh in favor of disclosure, the Government's representation that it will soon seek to unseal this matter reduces their heft. On the other side of the scale, the third through fifth factors heavily support sealing, as disclosure would pose significant threats to safety and could potentially impede an ongoing criminal investigation. The Court will therefore grant the Motion, and it will leave any future decision to unseal this docket or any filings in it for the judge to whom the case is randomly assigned. See Fed. R. Civ. P. 5.2(d) ("The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record."); see, e.g., United States v. 8,440,190.00 in U.S. Currency, 719 F.3d 49, 53 (1st Cir. 2013) ("Once [the related] criminal convictions were all wrapped up, the court ordered the forfeiture case unsealed.").

The Court accordingly ORDERS that the Government's [2] Motion to Proceed Under Seal is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: July 21, 2023