UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>    v.<br><br>APPROXIMATELY 523,507 BARRELS OF STRAIGHT RUN FUEL OIL FORMERLY ABOARD THE CRUDE OIL TANKER ABYSS WITH INTERNATIONAL MARITIME NUMBER 9157765,<br><br>      Defendant. | Civil Action No. 23-2065 (ABJ) |

**DECLARATION IN SUPPORT OF DEFAULT**

I, Brian P. Hudak, under penalty of perjury hereby declare that the following is true and correct to the best of my knowledge and belief pursuant to 28 U.S.C. § 1746(2).

1. I am the Civil Chief and an Assistant United States Attorney for the U.S. Attorney's Office for the District of Columbia. I am an attorney of record for the United States in the above-captioned case.

2. I am executing this declaration in accordance with Federal Rule of Civil Procedure 55(a) for the purpose of enabling the United States to obtain an entry of default against all persons or entities claiming an interest in the Defendant Property for failure to timely claim, answer, or otherwise defend as to the verified complaint in rem for forfeiture in this action.

3. On July 14, 2023, the United States filed a sealed verified complaint for forfeiture in rem, alleging that the Defendant Property should be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(G)(i). Compl. (ECF No. 1).

4. On July 25, 2023, the Court granted the United States' motion for an interlocutory sale of the Defendant Property. Order (ECF No. 6).

5. On February 1, 2024, upon a motion of the United States, the Court unsealed this matter. Order (ECF No. 15).

6. On October 9, 2024, the United States filed with the Court an accounting of the interlocutory sale, resulting in net proceeds of $16,180,309.35, the substitute res for the Defendant Property in this action. Notice (ECF No. 18).

7. The United States identified all known potential claimants and gave notice of this action to the known potential claimant pursuant to the procedures set forth in Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). Supplemental Rule G(4)(b) requires the United States "to send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant." Fed. R. Civ. P. Supp. R. G(4)(b).

8. Direct notice pursuant to Supplemental Rule G(4)(b) was sent to Black Swan, the known potential claimant, in the following manner. On February 21, 2024, my Office sent the attached letter and notice to counsel for Black Swan located in Kuala Lumpur, Malaysia via FedEx with the tracking number 7752 6088 7377. *See* Exhibit A hereto. According to the proof of delivery provided by FedEx, the package was successfully delivered on February 26, 2024. *See id.*

9. In response to the direct notice, Black Swan was required to file a verified claim with this Court within thirty-five days of service—no later than Monday, April 1, 2024. *See* Fed. R. Civ. P. Supp. R. G(4)(b)(ii)(B). That deadline to file a claim based on direct notice has passed without any party filing a claim.

- 3 -

10. Supplemental Rule G(4)(a) also requires the United States to publish notice of the forfeiture "to an official internet government forfeiture site for at least 30 consecutive days." Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(C). Beginning March 27, 2024, the United States began posting notice on an internet site, http://www.forfeiture.gov, for thirty consecutive days—i.e., through April 25, 2024. *See* Notice & Decl. of Publication (ECF No. 17). Any verified claim in response to the notice by internet publication had to be filed no later than Monday, May 27, 2024—the first business day following sixty days after notice was first posted. *See* Fed. R. Civ. P. Supp. R. G(5)(a)(ii)(B). The deadline to file a claim based on notice by publication has passed without any party filing a claim.

11. No party may contest the United States' allegations that the Defendant Property is subject to forfeiture because: (1) there is no claim on record in this action to the Defendant Property; (2) the time for filing a claim has expired and no extensions of time were given; and (3) no person who reasonably appeared to be a potential claimant is an infant or incompetent person.

Further declarant sayeth not,

_____
BRIAN P. HUDAK
Chief, Civil Division
U.S. Attorney's Office for the District of Columbia