UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>APPROXIMATELY 523,507 BARRELS OF STRAIGHT RUN FUEL OIL FORMERLY ABOARD THE CRUDE OIL TANKER ABYSS WITH INTERNATIONAL MARITIME NUMBER 9157765,<br><br>    Defendant. | Civil Action No. 23-2065 (ABJ) |

**MOTION FOR DEFAULT JUDGMENT
AND MEMORANDUM IN SUPPORT THEREOF**

By and through its undersigned counsel, the United States of America respectfully moves for default judgment in this action under Federal Rule of Civil Procedure ("Rule") 55(b)(2).

**INTRODUCTION**

This in rem forfeiture action arises from an investigation into Iran's Islamic Revolutionary Guard Corps' ("IRGC") sale and shipment of sanctioned petrochemical products, the proceeds of which are used to fund terrorism. The United States seeks to forfeit the substitute res for approximately 523,507 barrels of straight run fuel oil formerly aboard the crude oil tanker Abyss with International Maritime Number 9157765 (the "Abyss"). The Defendant Property was restrained pursuant to a seizure warrant issued by Magistrate Judge Faruqui (No. 23-sz-0018), and the Court authorized its sale by an interlocutory sale order dated July 21, 2023, with the proceeds substituting as the res in this action (ECF No. 4).

The Defendant Property (i.e., the substitute res) is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(G)(1) as foreign assets: (i) of an entity or organization engaged in the

planning and perpetrating federal crimes of terrorism as defined in 18 U.S.C. § 2332b(g)(5) against the United States, citizens or residents of the United States, or their property; or (ii) affording a person a source of influence over such entity or organization.

Since the filing of the Verified Complaint for Forfeiture In Rem ("Verified Complaint"), the United States has complied with the notice requirements contained in Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). *See* Fed. R. Civ. P. Supp. R. G(4)(a), (b). Because no parties have submitted claims in accordance with the Supplemental Rules, entry of default judgment is appropriate, and the United States now requests forfeiture of the Defendant Property.

**FACTUAL BACKGROUND**

This in rem forfeiture action arises out of an investigation by the Federal Bureau of Investigation and the Department of Homeland Security into Iran's transportation and sale of oil products to benefit sanctioned Iranian entities. Compl. (ECF No. 1) ¶ 1.

As alleged in the Verified Complaint, on April 8, 2019, the President and the State Department announced that the IRGC, including its Qods Force ("IRGC-QF"), would be designated as a Foreign Terrorist Organization under Section 2019 of the Immigration and Nationality Act ("INA") (8 U.S.C. § 1189). *Id*. ¶¶ 18-19. Both the Departments of State and the Treasury have found that the IRGC, including the IRGC-QF, direct and support global terrorism. *Id*. ¶¶ 19, 40. The Treasury Department has further found that the IRGC and IRGC-QF use the proceeds from the sales of Iranian oil to fund terrorism, among other nefarious activities. *Id*. ¶¶ 40-41. The Verified Complaint further alleges that specific actions of the IRGC and IRGC-QF affect foreign commerce in a manner that harms the domestic and foreign interests of the United States. *Id*. ¶¶ 22-23.

The Verified Complaint alleges that an analysis of satellite imagery shows that on or about February 22, 2023, the Abyss, a Vietnam-flagged vessel with a history of transporting Iranian oil, arrived in the port of Bandar Mahshahr, Iran, where it loaded approximately 612,262 barrels of gasoil.  *Id*. ¶¶ 42, 45-46.  The Abyss was manipulating her automatic identification system (or "AIS") data to conceal her location while loading at Bandar Mahshahr to avoid law enforcement and intelligence detection.[1]  *Id*. ¶ 47.

Over approximately the next month, the Abyss continued manipulating her AIS data.  *Id*. ¶¶ 49-51.  On or around March 28, 2023, the Abyss was captured in satellite imagery being positioned by two tugboats to begin a ship-to-ship transfer with a storage vessel owned by a foreign company whose shares are listed on a United States stock exchange in the anchorage of Sungai Linggi, Malaysia (the "Storage Vessel").  *Id*. ¶¶ 54-55.  Between on or about March 31, 2023, and on or about April 1, 2023, the Abyss loaded the approximately 612,262 barrels of Iranian petrochemical product that she was carrying onto the Storage Vessel.  *Id*. ¶ 56.

The agreement under which the Storage Vessel took on the Defendant Property called for the purported owner of the Defendant Property, a United Arab Emirates-based company ("Purported Owner"), to remit payment for the storage in U.S. dollars.  *Id*. ¶ 58.  Specifically, the relevant storage agreement called for a storage fee of USD $20,000 per day from the commencement of the agreement, a loading fee of USD $12,500 per day on a pro-rata basis, and a cargo discharge fee of USD $29,500 per day on a pro-rata basis.  *Id*.

---

[1]   AIS is a system that automatically transmits a ship's position along with a timestamp and is intended to help government authorities identify vessels, assist in search and rescue operations, and provide supplementary information from other navigational systems, such as radar.

Additionally, the owner and manager of the Abyss have a history of conducting U.S. dollar transactions to facilitate the transportation of petrochemical products, including during the period that the Abyss was carrying the Iranian-sourced Defendant Property. *Id*. ¶ 59.

Ahead of the Abyss's ship-to-ship transfer with the Storage Vessel, the Purported Owner presented fraudulent paperwork concerning the nature and origin of the Defendant Property. *Id*. ¶ 61. That paperwork represented that the Abyss took on the Defendant Property from Basrah, Iraq and that the cargo loading to the Abyss commenced at approximately 3:00 p.m. on February 21, 2023, and completed at approximately 4:10 p.m. on February 23, 2023, after which the Abyss purportedly sailed out of Basrah, Iraq on February 23, 2023. *Id*. ¶ 61.

Iraqi fuel oil is, however, not exported from Al-Basrah Oil Terminal in Basrah, Iraq, but only from Khor Al-Zubayr, Iraq. *See* Exxon Mobil, Basrah Heavy, https://corporate.exxonmobil.com/what-we-do/energy-supply/crude-trading/basrah-heavy (last checked July 13, 2023); Reuters, *Iraq's SOMO offers fuel oil term supplies for April to September* (Feb. 10, 2023), available at: https://www.reuters.com/business/energy/iraqs-somo-offers-fuel-oil-term-supplies-april-september-2023-02-10/#:~:text=SINGAPORE%2C%20Feb%2010%20(Reuters),validity%20up%20to%2020%20days. *Id*. ¶ 62. Moreover, satellite imagery reflects that the Abyss was not in Basrah, Iraq on or about February 21, 2023, but instead was actually near Bandar Mahshahr, Iran, as noted above. *Id*. ¶ 63-64. Further details about the cargo loaded in Iran onto the Abyss and transferred to the Storage Vessel are found in the Verified Complaint.

## PROCEDURAL HISTORY

On July 3, 2023, the United States applied for a seizure warrant for the Defendant Property. Magistrate Judge Faruqui issued the seizure warrant the same day. On July 14, 2023, the United States commenced this civil action in rem against the Defendant Property by filing its Verified Complaint. *See generally* Compl. (ECF No. 1). On July 25, 2023, the Court granted the

Government's motion for interlocutory sale of the Defendant Property. Order (ECF No. 6). On February 2, 2024, the matter was unsealed. Order (ECF No. 15).

The United States identified all known potential claimants to the Defendant Property. *See* Hudak Decl. (ECF No. 19-1). On February 21, 2024, the United States sent direct notice of this action and a copy of the Verified Complaint through FedEx to counsel for the potential claimant, the alleged owner of the Defendant Property. *Id.* In response to the direct notice, the potential claimant had to file a verified claim with this Court within thirty-five days of the service. *See* Fed. R. Civ. P. Supp. R. G(4)(b)(ii)(B). No one filed a claim in response to the direct notice. Hudak Decl. (ECF No. 19-1). On March 27, 2024, the United States began posting notice of this forfeiture action on an internet site, http://www.forfeiture.gov, for thirty consecutive days. *Id.* Any verified claim in response to notice by internet publication had to be filed no later than May 26, 2024. *See* Fed. R. Civ. P. Supp. R. G(5)(a)(ii)(B). Again, no one filed a claim in response to notice by publication. *Id.*

On December 3, 2024, the Clerk of the Court entered default against the Defendant Property. Entry of Default (ECF No. 20). This case is now ripe for default judgment and issuance of a final order of forfeiture.

## LEGAL STANDARD

The Court should assume the truth of the well-pleaded factual allegations set forth in the complaint on a motion for default judgment. *See*, *e.g.*, *Hartford Fire Ins. Co. v. Vista Cont., Inc.*, Civ. A No. 16-0285 (JDB), 2016 WL 6892730, at *2 (D.D.C. Nov. 22, 2016) ("Once default is entered by the clerk, the court assumes that all allegations in the well-pleaded complaint are true for the purpose of determining whether to enter default judgment." (citation omitted)); *see also United States v. 171 "Dehlavieh" Anti-Tank Guided Missiles*, Civ. A. No. 20-2299 (JEB), 2021 WL 5310567, at *2 (D.D.C. Nov. 15, 2021). "The determination of whether a default

judgment is appropriate is 'committed to the sound discretion of the trial court.'" *Anti-Tank Guided Missiles,* 2021 WL 5310567, at *2 (quoting *Lu v. Lezell*, Civ. A. No. 11-1815 (JEB), 2013 WL 12183952, at *1 (D.D.C. July 19, 2013)). The court may enter default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a); *Int'l Painters & Allied Trades Indus. Pension Fund v. Zak Architectural Metal & Glass, LLC*, 635 F. Supp. 2d 21, 23 (D.D.C. 2009). This authority applies equally in the context of a civil forfeiture action. *See, e.g.*, *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 163 (1st Cir. 2004) (applying Rule 55 equally in the civil forfeiture context); *United States v. $6,500.00 in U.S. Currency*, Civ. A. No. 10-0327, 2010 WL 4365886, at *1 (E.D. Tex. Nov. 2, 2010), *R. & R. adopted*, 2010 WL 4365890, at *1 (E.D. Tex. Nov. 3, 2010). Default judgment is appropriate "when the adversary process has been halted because of an essentially unresponsive party . . . [as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

Although there is a general policy favoring decisions on the merits, if potential claimants fail to respond to a complaint, "a decision on the merits is impractical, if not impossible." *United States v. Approximately $45,860 in U.S. Currency*, Civ. A. No. 14-3801, 2015 WL 1387468, at *4 (N.D. Cal. Mar. 24, 2015). "A denial of default judgment would prejudice the government in that it would be required to expend further time and effort in an action where no claimants [ ] have appeared. Without a default judgment, the government may be without recourse altogether." *United States v. Real Prop. & Improvements Located at 929 Clay St.*, Civ. A. No. 15-0010, 2015 WL 3547256, at *3 (N.D. Cal. June 5, 2015).

The court's initial inquiry when considering default is (a) whether notice has been adequately served and (b) if any party filed a timely claim. *See United States v. $4,620 in U.S. Currency*, 779 F. Supp. 2d 65, 67 (D.D.C. 2011) (Friedman, J.) (default was appropriate where the government "provided sufficient notice of the seizure of the defendant property," and no party filed a timely claim); *see also United States v. Remington, Model 58, 12 Gauge Shotgun*, Civ. A. No. 11-0330, 2012 WL 1466684, at *1 (E.D. Tex. Feb. 7, 2012), *R. & R. adopted*, 2012 WL 1466682 (E.D. Tex. Apr. 26, 2012) (default judgment entered upon showing government's compliance with Supplemental Rule G(4)); *United States v. 1999 Lexus GS400*, Civ. A. No. 05-1139, 2007 WL 1056791, *2-3 (N.D. Cal. Apr. 6, 2007) ("Default may be entered upon a showing that: (a) notice has been given as required by Admiralty Local Rule 6–1; (b) the time to answer has expired; and (c) no one has appeared to claim the property.").

Assuming proper notice, the court's second inquiry before entering default judgment is whether the complaint establishes a reasonable belief of forfeitability. *See United States v. $1,071,251.44 of Funds Associated with Mingzheng Int'l Trading Ltd.*, Civ. A. No. 17-1166 (GMH), 2018 WL 3949962, at *4 (D.D.C. June 29, 2018) (citing *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 571 F. Supp. 2d 1, 16 (D.D.C. 2008)), *R. & R. adopted*, Civ. A. No. 17-1166 (KBJ), 2018 WL 3941949 (D.D.C. Aug. 15, 2018). "Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." *Boland v. Smith & Rogers Constr. Ltd.*, 201 F. Supp. 3d 144, 147 (D.D.C. 2016); *see also Int'l Painters & Allied Trades Indus. Pension Fund v. Dettrey's Allstate Painting, LLC*, 763 F. Supp. 2d 32, 34 (D.D.C. 2011) (same; citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)). A court must treat "the factual allegations in a complaint, other than those as to damages . . . as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); *see also Int'l Painters &*

*Allied Trades Indus. Pension Fund v. R. W. Amrine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint" upon entry of default by the clerk (citation omitted)).

## DISCUSSION

On December 3, 2024, the Clerk of the Court entered default in this matter. *See* Entry of Default (ECF No. 20). Upon entry of default by the Clerk of the Court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters*, 239 F. Supp. 2d at 30 (citation omitted). Thus, the entry of a default judgment against the Defendant Property is supported under the circumstances of this case. *See United States v. 8 Gilcrease Lane*, 638 F.3d 297, 299 (D.C. Cir. 2011) (upholding district court's order for default judgment and final order of forfeiture based on the ground that no claimants contesting forfeiture remained in the case). Indeed, the Clerk of the Court "must enter" default when there has been a failure to plead timely or otherwise defend an action within the time fixed by law. Fed. R. Civ. P. 55(a). Moreover, the Civil Asset Forfeiture Reform Act of 2000, codified at 18 U.S.C. § 983(a)(4)(A), mandates the filing of a claim within thirty days of the service of the United States' Verified Complaint. *Id.*

**I.      The United States Satisfied the Applicable Notice Requirements**

The Supplemental Rules govern civil forfeiture actions in rem arising from a federal statute. *See* Fed. R. Civ. P. Supp. R. A(1)(B). The Rules also apply except to the extent they are inconsistent with the Supplemental Rules. *See* Fed. R. Civ. P. Supp. R. A(2). Supplemental Rule G(4) governs the process by which the United States must serve notice of the complaint. Notice is required to the public via publication, as well as to potential claimants via direct notice. *See* Fed. R. Civ. P. Supp. R. G(4).

### A. Publication

On March 27, 2024, the United States began posting notice on an internet site, http://www.forfeiture.gov, for thirty consecutive days ending on April 25, 2024. Any verified claim in response to the notice by internet publication had to be filed no later than May 26, 2024. *See* Fed. R. Civ. P. Supp. R. G(5)(a)(ii)(B); Hudak Decl. (ECF No. 19-1). No claims based on publication were filed.

### B. Direct Notice

Supplemental Rule G also requires that the United States send direct notice "to any person who reasonably appears to be a potential claimant on the facts known to the government." Fed. R. Civ. P. Supp. R. G(4)(b)(i). The notice must be sent by means "reasonably calculated to reach the potential claimant." Fed. R. Civ. P. Supp. R. G(4)(b)(i)(A). On or about February 21, 2024, the United States served notice via FedEx to counsel for the only identified claimant, the alleged owner of the Defendant Property. Hudak Decl. (ECF No. 19-1). FedEx confirmed that the notice was delivered to the front desk of counsel's office in Kuala Lumpur, Malaysia. Hudak Decl. Ex. A. (ECF No. 19-2).

In this case, the United States fully satisfied the Supplemental Rule G requirements for notice by publication and direct notice.

## II. The Verified Complaint for Forfeiture In Rem States a Claim for Relief

The well-pleaded facts in the Verified Complaint support a reasonable belief that the Defendant Property is forfeitable pursuant to 18 U.S.C. § 981(a)(1)(G)(i) as an asset of a designated foreign terrorist organization, the IRGC, which has engaged in planning and perpetrating federal crimes of terrorism as defined in 18 U.S.C. § 2332b(g)(5) against the United States, citizens or residents of the United States, or as an asset affording a person a source of influence over such entity or organization. *See United States v. Oil Tanker Bearing Int'l Maritime*

*Org. No. 9116512 ("Grace I")*, 480 F. Supp. 3d 39, 41 (D.D.C. 2020) (Boasberg, J.) (granting government's motion for default judgment for forfeiture of tanker, petroleum onboard that tanker, and funds as assets of or sources of influence over the IRGC).

The Verified Complaint describes in detail how the Defendant Property was traced from Iran to the Abyss to the Storage Vessel and the history of the IRGC using the proceeds of petroleum product sales to fund global terrorism that affects the United States. *See generally* Compl. (ECF No. 1). Specifically, the Verified Complaint detailed the designation of the IRGC as a foreign terrorist organization. Compl. (ECF No. 1) ¶¶ 18-19; *see also Grace I*, 480 F. Supp. 3d at 42; Order, *United States v. All Petrol.-Prod. Cargo Aboard the Suez Rajan*, Civ. A. No. 23-0882 (CJN) (D.D.C. Apr. 30, 2024), ECF No. 15 (granting default judgment of Iranian-sourced petroleum product); *United States v. All Petrol.-Prod. Cargo Aboard the Bella*, Civ. A. No. 20-1791 (JEB), 2021 WL 4502056, at *1 (D.D.C. Oct. 1, 2021) (same). The IRGC and IRGC-QF, a foreign terrorist organization, has a known history of using the proceeds of petroleum sales to fund terrorism. Compl. (ECF No. 1) ¶¶ 38, 40-41. The United States further alleged how the specific actions of the IRGC and IRGC-QF affect foreign commerce in ways that harm the domestic and foreign interests of the United States. *Id.* ¶ 38.

## CONCLUSION

The Verified Complaint lays out detailed analysis of satellite imagery tracing the course of the Defendant Property from Iran and further explains why the paperwork the Purported Owner presented for the Defendant Property must have been fraudulent. The Verified Complaint also explains how Iranian petroleum products, like the Defendant Property, are used to fund the IRGC and IRGC-QF's nefarious activities, including global terrorism.

Accordingly, upon consideration of the record in this case, including a showing of compliance with applicable rules regarding service of process and notice by publication, and

default having been entered by the Clerk of the Court, the United States respectfully requests that this Court order default judgment against all potential claimants and that the substitute res for the Defendant Property be forfeited to the United States of America for disposition according to law. *See 8 Gilcrease Lane*, 638 F.3d at 299 (upholding district court's order for default judgment and final order of forfeiture, because there were no valid claims); *United States v. $9,928.00 in U.S. Currency*, Civ. A. No. 10-1728 (PLF), 2012 WL 1004873, at *1 (D.D.C. Mar. 27, 2012) (ordering default where government submitted affidavit certifying that it gave appropriate notice and that no claims were filed); *$4,620 in U.S. Currency*, 779 F. Supp. 2d at 67 (ordering default where court struck sole claimant's claim, leaving no claimants to the defendant funds).

Dated: December 9, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

By:    */s/ Brian P. Hudak*
     BRIAN P. HUDAK
     Chief, Civil Division
     601 D Street, NW
     Washington, DC 20530
     (202) 252-2549

MAEGHAN MIKORSKI
RAJBIR DATTA
ERIKA KIRSTIE OBLEA
RICK E. BLAYLOCK, JR.
Assistant United States Attorneys

*Attorneys for the United States of America*